IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**TIFFANY TURNER**                                                                                       **PLAINTIFF**

**V.**                              **CASE NO. 3:22-CV-00011 LPR-JTK**

**KILOLO KIJAKAZI, ACTING COMMISIONER OF
SOCIAL SECURITY ADMINSTRATION**                                          **DEFENDANT**

## RECOMMENDED DISPOSITION

### I.  Procedures for filing Objections:

This Recommended Disposition ("Recommendation") has been sent to District Judge Lee P. Rudofsky. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

### II.  Introduction:

Plaintiff, Tiffany Turner ("Turner"), filed an application for disability benefits on August 13, 2012. (Tr. at 505). That claim was denied by an Administrative Law Judge on August 29, 2013. *Id*. On October 2, 2013, Turner filed another application for benefits, alleging disability beginning on August 29, 2013. *Id*. A second ALJ

denied that application on September 17, 2015. *Id*. The Appeals Council denied review.

On November 23, 2016, Turner filed a Complaint in this Court. *Id*. The District Court remanded for further administrative review. *Id*. On October 23, 2018, another ALJ denied Turner's claim. *Id*. The Appeals Council remanded the claim for another ALJ to obtain supplemental consultative examinations and to give further consideration to Turner's RFC. *Id*.

Another hearing was held, and on November 10, 2021, an ALJ found that Tuner was not disabled. (Tr. at 523-525). Turner did not file exceptions and thus, the ALJ's decision now stands as the final decision of the Commissioner, and Turner has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

### III. The Commissioner's Decision:

The ALJ found that Turner had not engaged in substantial gainful activity since the application date of October 2, 2013.[1] (Tr. at 508). The ALJ found, at Step Two, that Turner has the following severe impairments: arthritis of the knee, bursitis

---

[1] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

of the hips, carpal tunnel syndrome, degenerative disc disease of the lumbar spine, tendonitis, anemia, bronchitis, chronic pain syndrome, history of gallstones, history or ovarian cysts and uterine fibroids status post hysterectomy, obesity, anxiety, and depression. *Id*.

At Step Three, the ALJ determined that Parker's impairments did not meet or equal a listed impairment. (Tr. at 510-511). Before proceeding to Step Four, the ALJ determined that Turner had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, with additional limitations: (1) she can no more than occasionally stoop, crouch, bend, kneel, and crawl; (2) she is limited to frequent fingering and handling; (3) she can have no excessive exposure to dust, smoke, fumes, and other pulmonary irritants; (4) she is limited to simple, routine, repetitive tasks, with supervision that is simple direct, and concrete; and (5) she is limited to occasional interaction with coworkers, supervisors, and the public. (Tr. at 512).

At Step Four, the ALJ found that Turner had not past relevant work. (Tr. at 524). Relying upon the testimony of a Vocational Expert ("VE"), the ALJ found that that, based on Turner's age, education, work experience, and RFC, there were jobs in the national economy that she could perform. (Tr. at 524-525). Therefore, the ALJ found that Turner was not disabled. *Id*.

## IV. <u>Discussion</u>:

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B. Turner's Arguments on Appeal

Turner argues that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She argues that the ALJ did not fully consider her subjective complaints or consider her low intellectual functioning.

Turner alleged a variety of physical problems, including chronic back, neck, and hip pain, shoulder pain, bilateral carpal tunnel syndrome, and sleep problems. She treated her pain generally conservatively, and in 2015, 2017, 2018, and 2019, she told her doctors that medication was making the pain manageable.[2] (Tr. at 1099, 1102, 1106-1109, 1126-1129, 1184-1186, 1522-1525). Her clinic visits consisted of medication management, where doctors told her to continue conservative treatment

---

[2] Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

and follow up in 3 to 6 months. Turner said she had never had surgery for her conditions. (Tr. at 1827). Objective testing revealed no more than mild conditions for any of Turner's impairments. (Tr. at 517-518, 1652, 1663-1683). Turner's doctors also told her to lose weight and walk daily, and she was referred to physical therapy.³ (Tr. at 1106-1109, 1164-1169, 1374-1377). When she received steroid injections, she experienced significant pain relief and improvement in tolerance of physical activities. (Tr. at 361-363, 419-434, 447-449, 514). Turner said that after using the CPAP machine, she woke up refreshed. (Tr. at 1795-1798).

As instructed in the Appeals Council remand order (Tr. at 666-667), the ALJ ordered a consultative physical examination, which took place on June 12, 2021. (Tr. at 1827-1831). The examiner noted that Turner denied any psychiatric problems and that she could perform daily activities independently. *Id*. In fact, Tuner said she could clean her house, get her kids ready for school, prepare simple meals, shop in stores, manage finances, and watch TV.⁴ (Tr. at 249-252).

The examiner found that Tuner had a grossly normal musculoskeletal exam, with the exceptions of some difficulty bending and squatting. (Tr. at 1827-1828).

---

³ A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. See *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

⁴ Such daily activities undermine her claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

6

She had normal gait and station. *Id*. She had good insight and intact recent and remote memory. *Id*. The ALJ found support for the examiner's opinion and assigned an RFC for sedentary work.

The remand order also instructed the ALJ to order a consultative mental examination. (Tr. at 666-667). That occurred on May 19, 2021. At the examination, Turner said she was not using psychiatric treatment services. (Tr. at 1815). Tuner said medication for her physical conditions were helpful and that she had no side effects. *Id*. She was not as pleased with psychiatric medication in the past, but again, she was not currently in treatment. *Id*.

Turner endorsed difficulty reading. (Tr. at 1816-1818). But Turner was a good historian, maintained appropriate eye contact, and she was appropriately focused and independent in tasks. *Id*. Turner had no significant limitations in speech or language. *Id*. There were no problems in thought process. *Id*. The examiner issued an intelligence test and found that Turner tested in the borderline to low intellectual level. (Tr. at 1820). But still, the examiner found that Tuner would not have problems communication or understanding at work. While Turner said she did not have problems getting along with parents or neighbors, the examiner stated that she would be best suited in an environment where she didn't have to work around a lot of people. (Tr. at 1821-1823). There were no limitations in Tuner's ability to

concentrate or persist at work tasks, although she may perform at a slower pace. *Id*.

The ALJ considered this report and assigned some weight to the opinion. The ALJ placed numerous mental function limitations on Turner in the RFC, indicating that he believed her reports of trouble with reading and factored in mental delay as he contemplated the most Turner could do from a mental capacity. Thus, the argument that he failed to account for developmental delay fails. The ALJ discussed intelligence testing, and pointed to Turner's ability to perform daily activities when he formulated the RFC for simple work.[5] The RFC, as well as the ALJ's interrogation of the VE, fully accounted for mental limitations. And the ALJ dutifully followed the Appeals Council's remand order by obtaining supplemental examinations and incorporating those opinions into his decision.

The ALJ also fairly considered Turner's subjective complaints.[6] He

---

[5] The ALJ also discussed a consultative exam report from prior to the relevant time-period (Oct. 2012). (Tr. at 320-332, 509). That examiner found that Tuner had a full- scale IQ of 70, and he placed her in the borderline intellectual functioning band. (Tr. at 509). However, he noted that she was not giving her best effort on testing and had to rule out malingering. *Id*. Still, he noted that Turner would be able to respond well to supervision and instruction. *Id*.

[6] When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. See *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). "An ALJ need not explicitly discuss each factor," and he may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id*. (internal citations omitted).

discussed her daily activities, the nature and location of her pain, objective testing, and treatment responsiveness. (Tr. at 512-521). Based on conservative treatment that managed symptoms and Turner's ability to perform daily activities, the ALJ properly found that Turner's complaints of disabling impairments were inconsistent with the balance of the record. (Tr. at 514).

## V. **Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly evaluated Turner's low intellectual functioning and her subjective complaints. The finding that Turner was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 1st day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE